**WACHUTA, Admx., Plaintiff, v. WACHUTA et, Defendants.**

Common Pleas Court, Cuyahoga County.

No. 647915.   Decided July 28, 1954.

John M. Connors, Alan Meltzer, Cleveland, for cross-petitioning defendants.

H. H. Felsman, Joseph Brover, Cleveland, for defendants.

### OPINION

By BELL, J., sitting by designation of the Chief Justice.

This is an action for declaratory judgment to determine heirship. The controversy arises between the cross-petitioning defendants who are sisters of Edward O. Wehner, deceased. and children of deceased brothers and sisters of Wehner. and the defendants, referred to as the "Clark defendants," who

claim to be the legally adopted children of Wehner and thus his sole heirs. The matter was submitted on the pleadings, evidence and the very able and exhaustive briefs of counsel.

Briefly stated, the facts are as follows: On October 27, 1914, the Insolvency Court of Cuyahoga County granted a divorce to Minnie Clark upon her allegation that more than two years previously her husband, William J. Clark abandoned her and her three minor children, the "Clark defendants" herein. Sometime prior to October, 1919, Minnie Clark married the decedent, Edward O. Wehner, and with her three children moved into his home. In October, 1919, Edward O. Wehner filed a petition for adoption in the Probate Court of Cuyahoga County alleging his desire to adopt as his own the three minor Clark children.

Subsequently, the Probate Court entered on its journal an order of adoption changing the names of said children to Wehner and decreeing that said children should be to all legal intents and purposes the children and legal heirs of Edward O. Wehner.

The record of the Probate Court reveals that one of the children, being fourteen years of age, noted her consent to the adoption in writing. Minnie Clark Wehner, the mother, likewise filed an answer and consented to the adoption. The record of the Probate Court is silent as to any further consent or consents which might have been given.

One question immediately is presented by this situation: Was the Probate Court precluded from taking jurisdiction of the adoption proceedings by virtue of the custody order made by the Insolvency Court in the divorce proceeding?

It is conceded by all parties that if the adoption order is a valid one, the "Clark Defendants" are the legal heirs of Edward O. Wehner.

Although the right of adoption has been known for many centuries under the civil law dating from Greek and Roman civilizations, it was never recognized as a part of the English Common Law and has grown in the United States and England only under specific statutory authority. **Sommers v. Doersam, 115 Oh St 139.** The first statute on adoption in Ohio was passed in 1859 and is basicly very similar to the present law and to the law in effect in 1919. **(56 Ohio Laws 82.)** Although the statute has been supplemented considerably since the original act, throughout the years the jurisdiction to order an adoption has been confided exclusively in the Probate Court.

Counsel have cited in their briefs many cases touching upon the questions involved here. The Court is grateful for the

exhaustive research that has been made by counsel and has given consideration to all the cited authority. But the Court does not feel it necessary to discuss at length more than a few of the many cases cited.

In the case of **In re Adoption of Wyant, 72 Oh Ap 249,** the mother of two minor children had been divorced in Indiana and awarded custody of the children. She later remarried and she and her husband filed a petition for adoption in the Probate Division of the Common Pleas Court of Henry County. The natural father of the two children opposed the adoption order on the ground, among others, that the divorce court in Indiana had the sole and exclusive jurisdiction of the children and that since it had not consented to the decree of adoption the Ohio court was without jurisdiction to enter the decree. The Probate Division granted the petition for adoption and, on appeal, the Court of Appeals held in the first paragraph of the syllabus:

"Where one of the parents had been awarded a divorce and custody of the child, and the other parent had failed or refused to support such child for two consecutive years prior to a proceeding to adopt the child, the consent, under §10512-11 GC, of the former to such adoption is sufficient, notwithstanding the failure of the Court which awarded such divorce and custody to approve such consent."

It is argued by counsel for cross-petitioning defendants that the Wyant case has no application here because at the time of the purported adoption in 1919 the statute did not require the court awarding custody to approve the consent of the mother, and that this ruling could in no wise affect the ruling in the case of **Addams, Judge v. State, ex rel. Hubbell, 104 Oh St 475,** which, incidentally, was also decided subsequent to the order of adoption.

The Court in the Addams case held in the syllabi as follows:

1. The court of insolvency of Cuyahoga county in matters of divorce, alimony and the custody of minor children is by statute granted the same jurisdiction as the court of common pleas.

2. Such jurisdiction when once regularly attached is a continuing jurisdiction over the subject-matter and the parties to an action of divorce, alimony and the custody of minor children.

3. Any order of such court touching the guardianship of a minor child is subject to be modified from time to time. as in the judgment of the court the best interests of the child may require.

4. During such continuing jurisdiction other courts, whether

inferior or superior, having concurrent jurisdiction of the custody of minor children, are by long and well-settled practice of this state denied the exercise of such jurisdiction.

5. During such continuing jurisdiction of the court of insolvency over a minor child, an order purporting to be made by any other court, appointing a third party as guardian of the person of the minor child, is null and void.

No one will doubt the continuing jurisdiction of a divorce court, whether it be an Insolvency Court of a Common Pleas Court, over the matter of custody of minor children, or as the Addams case says over "the guardianship of a minor child." And the Court agrees absolutely with the principle of the Addams case. In that case, the Insolvency Court had designated a parent as the custodian of a child. The Probate Court attempted, without a release from the Insolvency Court, to substitute another custodian, a guardian, for the child. This, the Supreme Court held, it could not do.

But that is a different situation from that where the Probate Court, by its order, designates a parent for the child. Judge Wanamaker, in the Addams case, said:

"It has long been the settled law of this state that among courts having **concurrent** jurisdiction of any given subject matter the court whose jurisdiction rightfully first attaches shall exercise and continue that jurisdiction free from any interference by any other court having a **like** jurisdiction." (Emphasis added.)

The Probate Court and the Insolvency Court do not have **concurrent** jurisdiction in adoption. It has never been the law, and to the Court's knowledge no attempt has ever been made to establish the law, than an Insolvency Court or a Court of Common Pleas had concurrent jurisdiction with the Probate Court in adoption. That right, since the first Ohio adoption statute, has reposed in the Probate Court. Had the Probate Court in this case attempted to appoint Edward O. Wehner as the Guardian of these children, i. e., as their legal custodian, it would have been exercising a jurisdiction **like** that of the Insolvency Court which had awarded custody to the mother and the mother, or the natural father, under the Addams doctrine, would have had the right to object.

It is the opinion of the Court that since the Insolvency Court had no jurisdiction in the matter of adoption, the fact that it had made no formal release of what jurisdiction it had acquired in the divorce case did not deprive the Probate Court of its jurisdiction to enter the order of adoption. And under the principle announced in the Wyant case, the Court is of the opinion that the order of adoption is a valid, subsisting one

and that the "Clark defendants" are the legally adopted children of Edward O. Wehner.

A second question posed by the facts herein is an interesting one, although it is perhaps not necessary to decide it, in the light of the above. Assuming that the Probate Court was without jurisdiction to grant the petition for adoption because of the failure of the Insolvency Court to release its jurisdiction over the children, is such lack of jurisdiction something that now may be asserted by the cross-petitioning defendants?

It is conceded in their brief by counsel for the cross-petitioning defendants that if this action be a collateral attack on the adoption order then the cross-petitioning defendants must fail. In the opinion of the Court this question is determined by the case of **In re Estate of Dickman, 81 Oh Ap 281.**

That case arose on a petition to determine heirship, the controversy existing between brothers and sisters of the decedent and a child who had been adopted. The sole issue raised in the case was the validity of an order of adoption. The court held:

"In a proceeding to determine heirship in an administration of decedent's estate, where the issue is the validity of a judgment of adoption, an attack on such judgment on the ground that the Court rendering it had no jurisdiction is a collateral attack." (See also cases cited in the opinion.)

In the light of the above, the Court finds:

1. That the Probate Court had jurisdiction to enter the order of adoption;

2. That the Court was not deprived of that jurisdiction by reason of the fact that the Insolvency Court had previously made an award of custody of these children to their mother;

3. That the cross-petitioning defendants can not now collaterally attack the order of adoption;

4. That Elsie Fiorilli, Clyde Clark and Elroy Clark are the legally adopted children of Edward O. Wehner, deceased, and as such are the heirs at law of Edward O. Wehner.

Inasmuch as the determination of the question presented herein is for the benefit of the administration of the decedent's estate, the costs are taxed against the Executor of the Estate.

Counsel for defendant may prepare an entry in accordance herewith, noting the exceptions of cross-petitioning defendants and submit the same to counsel for cross-petitioning defendants and to the court for approval.